JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Lei Wang,
Shaohua Wang,

PLAINTIFF(S)

v.

Antony Blinken,
U.S. Department of State,

DEFENDANT(S)

CASE NUMBER

5:26-cv-00909-SSS-ACCVx

**ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)**

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☐ is not able to pay the filing fees. ☐ is able to pay the filing fees.

☒ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

Plaintiff Shaohua Wang did not file a Request.

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

- ☐ The District Court lacks ☐ subject matter jurisdiction ☐ removal jurisdiction.
- ☐ The action is frivolous or malicious.
- ☒ The action fails to state a claim upon which relief may be granted.
- ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

February 27, 2026
Date

United States District Judge

On February 24, 2026, Plaintiffs Lei Wang and Shaohua Wang filed a Complaint and a Request to Proceed In Forma Pauperis. [Dkts. 1, 3]. Plaintiffs allege that the United States Embassy in Beijing improperly denied a passport for Leonard Zheng, a minor who was born in 2014. [Dkt. 1 at 2, 6]. Plaintiff Lei Wang is Leonard Zheng's mother. Id. at 6-7. Plaintiff Shaohua Wang is Leonard Zheng's maternal grandfather. Id. at 7. In September 2017, a family court in New York State awarded Plaintiff Shaohua Wang physical custody of Leonard Zheng. Id. But in its decision denying the passport in February 2026, the Embassy informed Plaintiff Shaohua Wang that "you did not provide sufficient evidence to show that you have sole legal custody of Leonard ZHENG." Id. at 3. Plaintiffs seek a declaration that the denial of Leonard Zheng's passport application was unlawful and an order to issue the passport immediately.

Because Plaintiffs seek to proceed in forma pauperis, the Court has reviewed the Complaint to determine whether the action is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e) (2)(B). As stated below, the Complaint fails to state a claim upon which relief may be granted.

An action fails to state a claim when it is brought by a pro se litigant who "has no authority to prosecute an action in federal court on behalf of others than himself." Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1126 (9th Cir. 2007). The Ninth Circuit has a "long established rule, dubbed the 'counsel mandate' that precludes [Plaintiffs], as [] nonlawyer[s], from representing [minors] pro se in pursuing their claims." Grizzell v. San Elijo Elementary School, 110 F.4th 1177, 1178 (9th Cir. 2024). It "goes without saying that it is not in the interests of minors or incompetents that they be represented by non-attorneys." Id. at 1179 (citation omitted). Because Plaintiffs have no authority as pro se litigants to bring this action on behalf of Leonard Zheng, the action violates the counsel mandate. See White v. Pompeo, 2019 WL 1875524, at *1 (E.D. Penn. Apr. 25, 2019) (pro se parent had no authority to bring a suit in federal court seeking a passport on behalf of his minor child) (citing Osei-Afriyie by Osei-Afriyie v. Medical College of Pennsylvania, 937 F.2d 876, 882-83 (3d Cir. 1991)).

Finally, given Plaintiffs' pro se status, leave to amend is not warranted. The Court will "decline to grant Plaintiff[s] leave to amend because there are no set of facts which will enable Plaintiff[s] to proceed on this claim in [their] pro se status. [The Court] dismiss[es] this action without prejudice to its re-filing should Plaintiff[s] obtain counsel in the future." Simon v. Hartford Life, Inc., 2006 WL 8447990, at *3 (C.D. Cal. Aug. 1, 2006), affirmed, 546 F.3d 661, 667 (9th Cir. 2008); see also Joubert v. Brown Williamson Tobacco Corp., 466 F. App'x 588, 588 (9th Cir. 2012) (affirming dismissal of action without leave to amend where a pro se litigant attempted to pursue claims on behalf of others in a representative capacity). Thus, the Complaint is dismissed without leave to amend, and this action is dismissed without prejudice.

(*attach additional pages if necessary*)